## National Fire Insurance Company, of Hartford v. Abner R. Orr, Assignee of W. B. Cauble.

1. INSURANCE—*Ownership of the Property Insured.*—A condition that a policy of insurance shall be void if the insured is not the sole, entire and unconditional owner of the property, is satisfied if the insured is such owner at the time the policy was issued.

2. SAME—*Change of Title.*—A condition that a policy of insurance shall be void if there shall be any sale, transfer, mortgage, or change of title, or of possession of the property, or of any individual interest, refers to the future, and is designed to relieve the insurer in case of such sale, transfer, mortgage or change of title or possession.

3. SAME—*Authority of Agents to Waive Conditions.*—When a policy of insurance provides that agents shall not make agreements for the company, of any kind, except in writing or print, or change, alter or waive any written or printed contract made with the company except in writing or print, the implication is that such agents may change, alter or waive such contracts in writing or print.

Memorandum.—Assumpsit. In the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Declaration on a policy of insurance; plea of the general issue; trial by the court; judgment for plaintiff; appeal by defendant. Heard in this court at the November term, 1894, and reversed. Opinion filed February 11, 1895.

Lawrence & Lawrence, with Thomas Bates, attorneys for appellant.

W. J. Calhoun and H. M. Steely, attorneys for appellee.

Mr. Presiding Justice Wall delivered the opinion of the Court.

In this case the policy was issued to Cauble, who made an assignment to Orr, as stated in the two preceding cases, five days before the fire. The judgment was for $888.88, the amount remaining after paying, under the provision of a " mortgage clause " the same as in the two preceding cases, the sum of $1,111.18 to the mortgagee. The provision in the policy upon which the company relies for its defense reads as follows : " This policy shall be void if the assured is not the sole, entire and unconditional owner of the property, or if there shall be any sale, transfer, mortgage or change of title or of possession of the property insured, or of any individual interest therein, other than by succession by death of the assured."

The first clause of this provision, that the assured must be the sole, entire and unconditional owner, is not in terms applicable to the condition at the time of the fire. The condition thus expressed may be satisfied if the assured was such owner at the time the contract was made. The company having chosen the language must expect such a construction as would be most unfavorable to itself. The residue of the clause, however, clearly refers to the future, and was designed to relieve the insurer in case of the specified sale, transfer, mortgage or change of title or possession. This is substantially the same as the clause on that subject in the two preceding cases of The Hanover and The Citizens companies against Orr. What we have said on this point in those cases is applicable here, and need not be repeated.

We are of the opinion the plaintiff had no cause of action.

The judgment will therefore be reversed, but the cause will not be remanded.